IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOSH HAYS                                                                                            PLAINTIFFS
CALVIN OUTLAW

vs.                                            Civil No. 1:10-cv-01020

RURAL COMMUNITY INSURANCE SERVICES                                DEFENDANTS
FIREMAN'S FUND INSURANCE COMPANY

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendants' Motion to Compel Arbitration and Stay Proceedings. ECF No. 12. Plaintiffs have responded to this Motion and request that it be denied. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. ECF No. 16. In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

On March 18, 2010, Plaintiffs filed the present action against Defendants. ECF No. 1. Plaintiffs allege two different causes of action: breach of contract and tort of bad faith. *Id.* Jurisdiction in this case is based upon diversity of citizenship. *Id.* On April 29, 2010, Defendants filed their answer. ECF No. 4. As one of their affirmative defenses in their answer, they argued that this case must be dismissed and referred to binding arbitration. *Id.* Thereafter, on September 10, 2010, Defendants filed the current Motion to Compel Arbitration and Stay Proceedings. ECF No. 12.

With this Motion, Defendants seek to compel arbitration in this case. ECF No. 12.

Defendants argue that the Arkansas Supreme Court case *IGF Insurance Company v. Hat Creek Partnership,* 349 Ark. 133, 76 S.W.3d 859 (2002) requires that this case be submitted for arbitration. *Id.* Defendants also request that if arbitration is compelled as to part of this case, then the remainder of this case be stayed. *Id.* In response, Plaintiffs argue that this Court not compel arbitration because arbitration is contrary to public policy in Arkansas. ECF No. 14.

**2. Applicable Law**

The Federal Arbitration Act ("FAA") requires the enforcement of an arbitration agreement upon proof: (1) that a written agreement to arbitrate exists and (2) that the written agreement is contained within a contract involving "commerce." *See* 9 U.S.C. § 2. Once a transaction in litigation is found to meet the FAA standards (*i.e.* "involve commerce"), courts must generally enforce the arbitration clauses. *See Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 686-87 (1996).

In *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 56 (1995), the Supreme Court explained:

> [T]he FAA not only 'declared a national policy favoring arbitration,' but actually 'withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'

"[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusal to enforce agreements to arbitrate." *Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 270 (1995). The United States Supreme Court has interpreted the FAA expansively, decreeing that it is to reach all transactions or contracts that fall within the broad scope of Congressional powers relating to interstate commerce. *Id.* at 273. Furthermore, any doubt concerning the scope of the issues covered by the arbitration agreement should be resolved in favor of arbitration. *See Moses H. Cone*

*Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

**3. Discussion**

    A.    **Federal Arbitration Act**

As an initial matter, this Court must first determine whether the FAA mandates arbitration. *See* 9 U.S.C. § 2. For arbitration to be compelled, (1) a written agreement to arbitrate must exist and (2) the written agreement must be contained within a contract involving "commerce." *See id.* First, this Court finds that a written agreement to arbitrate does exist. In the contract, Plaintiffs and Defendants agree to resolve any "disagreement" as to any "determination" through arbitration "in accordance with the rules of the American Arbitration Association (AAA)."[1] ECF No. 12-1 § 20. Further, as to the second requirement regarding "commerce," this contract involves citizens of different states, and there is no dispute that the underlying contract in this case involves "commerce." Therefore, the FAA requires this case be submitted to arbitration.

    B.    **Arkansas State Law**

Based upon this finding, it appears this case should be submitted to arbitration. The only reason this case would not be submitted to arbitration were if another law, including a provision of state law, invalidates this arbitration provision. The only state law in Arkansas which relates to arbitration clauses in insurance contracts is Ark. Code Ann. § 16-108-201(b).

Specifically, Ark. Code Ann. § 16-108-201(b) invalidates arbitration clauses in "any insurance policy" in Arkansas. This provision is referred to as the "Arkansas Uniform Arbitration Act" and could invalidate the arbitration clause in the contract in the present action. Further, under the McCarran-Ferguson Act, state statutes such as Ark. Code Ann. § 16-108-201 that regulate the

---

[1] This agreement to arbitrate is subject to a few exceptions not relevant to the facts of this case.

"business of insurance" might preempt any other applicable federal law. *See* 15 U.S.C. § 1012(b). Clearly, this Arkansas statute regulates the "business of insurance" and might preempt any other applicable federal law.

There is, however, a very important exception to the McCarran-Ferguson Act. Notably, the McCarran-Ferguson Act does not permit preemption where the federal law "specifically relates to the business of insurance." *See* 15 U.S.C. § 1012(b). For instance, in this case, the Federal Crop Insurance Act ("FCIA") is an applicable federal law regulating the crop insurance policy. *See* 7 C.F.R. § 457.8. The FCIA specifically regulates the business of crop insurance. *See* 7 U.S.C. § 1502(a). As stated in the FCIA, it states "the purpose of this subchapter to promote the national welfare by improving the economic stability of agriculture through a sound system of crop insurance and providing the means for the research and experience helpful in devising and establishing such insurance." *Id.* Thus, under the McCarran-Ferguson Act, no state law, including Arkansas state law, can preempt the FCIA.

The FCIA also contains accompanying regulations which mandate arbitration. *See* 7 C.F.R. § 457.8. Therefore, Ark. Code Ann. § 16-108-201 cannot preempt the FCIA and invalidate the arbitration provision in this contract. *See IGF Insurance Company,* 349 Ark. 133, 143, 76 S.W.3d 859, 866 (2002) (holding that "the Federal Crop Insurance Act's provisions mandating arbitration clauses in federal crop reinsurance policies preempts the Arkansas statute that would ordinarily render the arbitration clause unenforceable"). Accordingly, this Court finds the arbitration provision is valid and enforceable, and arbitration must be compelled.

**C.     Stay of the Proceedings**

Since this Court finds this action must be submitted to arbitration, the remaining question

is whether any part of this judicial action may continue or whether it must be stayed.  Under the terms of the contract in this case, any dispute as to a "determination" made by Defendants must be submitted to arbitration.  ECF No. 12-1 § 20.  Arguably, such a broad term as "determination" may include both the breach of contract and tort claims in this case, and both of these claims should be submitted to arbitration such that entire cased would be stayed pending arbitration.

However, even if the term "determination" does not include the tort claim, this Court still recommends this entire case be stayed because the FAA mandates this case be stayed.

The FAA mandates a stay when the claims are found to be arbitrable:

> If any issue or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  Further, this Court finds that, in the interests of judicial economy, this case should be stayed.

**4. Conclusion**

Based upon the foregoing, this Court recommends that Defendants' Motion to Compel Arbitration and Stay Proceedings (ECF No. 12) be **GRANTED.**  This Court recommends Plaintiffs' case be submitted to arbitration, and this case be stayed pending arbitration.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      **ENTERED this 7th day of October, 2010.**

                                        /s/  Barry A. Bryant  
                                        HON. BARRY A. BRYANT  
                                        U. S. MAGISTRATE JUDGE